## JOSEPH GUEST

*v.*

## GEORGE W. BARTON and others.

A debtor who has conveyed his property in order to defraud his creditors, has no standing in this court to question the fairness or adequacy of price obtained at a public sale of such premises under a creditor's bill to reach such property.

Bill for an injunction against the delivery of a deed by a sheriff for property sold by him under *fi. fa.* out of this court, and to set aside the sale. Motion to dissolve injunction on bill and answers.

*Mr. C. H. Sinnickson*, for the motion.

*Mr. W. T. Hilliard*, contra.

THE CHANCELLOR.

The complainant, by his bill, alleges that certain land and premises in Salem county were, under a writ of *fieri facias* issued out of this court, sold to pay certain moneys due from him; that the property consisted of land valuable as building lots, and of which part was improved with buildings; that it might have been sold to great advantage by selling it in parcels, but that it was sold as a whole, to his great detriment, and that Samuel Simpkins, one of the two defendants, who purchased it at the sheriff's sale, promised him before the sale, that he would bid the property up to the amount of all the claims against the complainant; that

he did not do so, but bid it in at a much less sum, and at a very inadequate price.

The bill does not disclose the fact which appears by the answers, and, indeed, is not disputed, that the property, though sold to pay the complainant's debts, was sold under a decree on a bill filed by his creditors against his sister, to reach the property in question, which had been fraudulently conveyed by him to her, to keep it away from his creditors. He had no title to or interest in it, and has no standing in court to complain of the sale.

Besides, it appears that he not only knew that the property was to be sold as a whole, but expressed a wish that it should be sold in that way. He was present at the sale, and not only made no objection to it at the time, but afterwards expressed his satisfaction with it. The allegation that Samuel Simpkins promised to bid the whole amount of the claims is expressly denied. The sheriff sold the property in the best way he could; the purchasers, who were two of the complainants in the creditors' suit before referred to, took special pains to advertise it so that it might be sold to the best advantage, and it brought its full value.

The injunction will be dissolved, with costs.